**LEXINGTON LASERCOMB I.P.A.G., a Switzerland company, and Lexington International, LLC, a Florida limited liability company, Plaintiffs,**

v.

**GMR PRODUCTS, INC., a New Jersey corporation, Defendant.**

No. 06–80173–CIV.

United States District Court, S.D. Florida.

July 31, 2006.

Traci Rollins, Esq. of Squire Sanders & Dempsey, W. Palm Beach, FL, for Plaintiffs.

Eric N. Assouline of Assouline & Berlowe, P.A., Miami, FL, for Defendant GMR.

### ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO TRANSFER AND CONSOLIDATE

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant GMR Products, Inc.'s Motion to Stay Proceedings Pending Reexamination by Patent and Trademark Office and Motion to Transfer and Consolidate With Pending Related Cases, filed herein on June 21, 2006. [DE–35]. The Court has carefully considered the Motion, Plaintiffs' July 10, 2006 Response [DE–37] and Defendant's July 26, 2006 Reply [DE–41], and is otherwise fully advised in the premises.

 Defendant requests that this court stay the instant action pending reexamination of the patent at issue in this case by the United States Patent and Trademark Office ("USPTO"). Plaintiffs object to such relief asserting that a stay would delay this lawsuit resulting in prejudice to Plaintiffs. A stay for purposes of reexamination of a patent is within the court's discretion, *Patlex Corp. v. Mossinghoff*, 758 F.2d 594 (Fed.Cir.1985), and is not a requirement for reexamination. *Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed.Cir.2001). Here, a stay of this action could result in an delay of months, if not years. Accordingly, this Court declines to stay, and thus prolong for an indefinite period of time, the instant litigation.

 Defendant also requests transfer of the instant action and consolidation with pending related cases. Rule 42 of the Federal Rules of Civil Procedure permits consolidation of actions involving common questions of law or fact. Fed.R.Civ.P. 42(a). "It is well-settled that the decision to consolidate 'is entirely within the discre-

 

tion of the district court as it seeks to promote the administration of justice.'" *Chatham Condo. Assocs. v. Century Village, Inc.* 597 F.2d 1002, 1014 (5th Cir. 1979).[1] A court should consider claims of prejudice to the parties in deciding whether to consolidate cases. *Id.; see also Young v. City of Augusta,* 59 F.3d 1160, 1169 (11th Cir.1995). Given the potential confusion over the different infringing devices at issue in the cases which Defendant seeks to consolidate and the potential prejudice that may result, the Court finds that consolidation is not warranted here. Moreover, pursuant to Southern District of Florida Local Rule 3.8 and Internal Operating Procedure 2.15.00(c), the undersigned has determined that this case is not appropriate for transfer to Judge Zloch.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant GMR Products, Inc.'s Motion to Stay Proceedings Pending Reexamination by Patent and Trademark Office and Motion to Transfer and Consolidate With Pending Related Cases [DE–35] is hereby **DENIED**.

1. The Eleventh Circuit, in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.